**APPENDIX C**

Liquidation Analysis

Case 12-12859-KJC    Doc 967-3    Filed 02/06/13    Page 1 of 8

**APPENDIX C**

Liquidation Analysis

PRELIMINARY
Subject to Change Prior to
Disclosure Statement Hearing

LIQUIDATION ANALYSIS

Introduction

Often called the "best interests" test, section 1129(a)(7) of the Bankruptcy Code[1] requires that the Bankruptcy Court find, as a condition to confirmation of the Plan, that each holder of a Claim or Interest in each Impaired Class: (i) has accepted the Plan; or (ii) will receive or retain under the Plan property of a value, as of the Effective Date, that is not less than the amount that such Person would receive if the Debtors were liquidated under chapter 7 of the Bankruptcy Code. To make these findings, the Bankruptcy Court must: (1) estimate the cash proceeds (the "Liquidation Proceeds") that a chapter 7 trustee would generate if each Debtor's Chapter 11 Case were converted to a chapter 7 case on the Effective Date and the assets of such Debtor's estate were liquidated; (2) determine the distribution (the "Liquidation Distribution") that each non-accepting holder of a Claim or Interest would receive from the Liquidation Proceeds under the priority scheme dictated in chapter 7; and (3) compare each holder's Liquidation Distribution to the distribution under the Plan ("Plan Distribution") that such Holder would receive if the Plan were confirmed and consummated.

Accordingly, asset values discussed herein may be different than amounts referred to in the Plan. The Liquidation Analysis is based upon certain assumptions discussed herein and in the Disclosure Statement.

Significant Assumptions

Hypothetical recoveries to stakeholders of the Debtors in chapter 7 were determined through multiple steps, as set forth below. The basis of the Liquidation Analysis is the Debtors' projected cash balance and assets as of April 30, 2013 (the "Conversion Date") and the net costs to execute the administration of the wind-down of the estate. The analysis assumes that the Debtors would commence a chapter 7 liquidation on or about the Conversion Date under the supervision of a court appointed chapter 7 trustee. The Liquidation Analysis reflects the wind-down and liquidation of substantially all of the Debtors' remaining assets; the reconciliation, settlement or prosecution of remaining litigation; and the distribution of available proceeds to holders of Allowed Claims during the period after the Sales Closing Date (the "Wind-Down Period").

The Debtors believe that a chapter 7 trustee, if appointed, would elect to consolidate the Debtors as proposed in the Plan. As such, the Liquidation Analysis assumes that all Debtors will be deemed to be consolidated.

The statements in the Liquidation Analysis, including estimates of Allowed Claims, were prepared solely to assist the Bankruptcy Court in making the findings required under section 1129(a)(7) and they may not be used or relied upon for any other purpose.

THE DEBTORS BELIEVE THAT ANY ANALYSIS OF A HYPOTHETICAL LIQUIDATION IS NECESSARILY SPECULATIVE. THERE ARE A NUMBER OF ESTIMATES AND ASSUMPTIONS UNDERLYING THE

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Disclosure Statement with Respect to Joint Plan of Liquidation of A123 Systems, Inc., et. al. (the "Disclosure Statement").

LIQUIDATION ANALYSIS THAT ARE INHERENTLY SUBJECT TO SIGNIFICANT UNCERTAINTIES AND CONTINGENCIES BEYOND THE CONTROL OF THE DEBTORS OR A CHAPTER 7 TRUSTEE. NEITHER THE LIQUIDATION ANALYSIS, NOR THE FINANCIAL INFORMATION ON WHICH IT IS BASED, HAS BEEN EXAMINED OR REVIEWED BY INDEPENDENT ACCOUNTANTS IN ACCORDANCE WITH STANDARDS PROMULGATED BY THE AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS. THERE CAN BE NO ASSURANCE THAT ACTUAL RESULTS WILL NOT VARY MATERIALLY FROM THE HYPOTHETICAL RESULTS PRESENTED IN THE LIQUIDATION ANALYSIS.

Estimate of Proceeds

Estimates were made of cash proceeds that might be received from the liquidation of the Debtors' assets after consideration of the effects that a chapter 7 liquidation would have on the ultimate proceeds available for distribution, including the costs and expenses of a liquidation under chapter 7 arising from fees payable to the trustee and professional advisors to such trustee.

The Debtors' sources of liquidation proceeds are the estimated cash and cash equivalents as of the Conversion Date, which include a portion of the proceeds of the sale of substantially all of the Debtors' assets to Wanxiang America and Navitas, refunds of certain insurance policy premiums expected to be refunded to the Debtors prior to the Effective Date and the return to the estate of certain portions of the cash collateral required for prepetition letters of credit. The Debtors may obtain further proceeds from the pursuit of Estate Causes of Action. For the avoidance of doubt, Estate Causes of Action do not include (a) any Cause of Action or Avoidance Action acquired by Wanxiang America or that the Debtors have covenanted not to pursue under the terms of the Wanxiang Asset Purchase Agreement, (b) any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, act, omission or liability that is (i) released, waived, discharged or exculpated pursuant to Sections 12.06 or 12.07 of the Plan, or (ii) otherwise resolved by the Plan or Final Order of the Bankruptcy Court. For the purpose of this liquidation analysis, the Debtors have not estimated the potential recovery under Estate Causes of Action. However, the Debtors believe that the recoveries on account of such Estate Causes of Action would be substantially similar whether pursued by the Debtors or a chapter 7 trustee, although the fees and expenses necessary to be incurred to obtain such recoveries would likely be higher in chapter 7 due to the lack of historical knowledge.

Estimate of Costs

Proceeds from a chapter7 liquidation would be reduced by administrative costs incurred during the Wind-Down Period for the reconciliation of claims, pursuit of litigation and other obligations of the estate to administer the wind-down. These costs include professional fees (including attorney, and other tax and financial advisors) and trustee fees, subcontract labor, and other expenses.

After consideration of the effects that a chapter 7 liquidation would have on the ultimate proceeds available for distribution to creditors, the Debtors have determined, as summarized in the following charts and the "Best Interests Test" section of the Disclosure Statement, that the Plan will provide creditors with a recovery that is greater than creditors would receive pursuant to a liquidation of the Debtors' assets under chapter 7.

PRELIMINARY
Subject to Change Prior to
Disclosure Statement Hearing

The following Liquidation Analysis should be reviewed with the accompanying notes.

**A123 Systems, Inc.**
Debtors' Liquidation Analysis Exhibit
('000 USD)

| | Notes | Est. Book Value as of 4/30/13 | Chapter 11 Plan of Liquidation $ | % | Chapter 7 Conversion $ | % |
|---|---|---|---|---|---|---|
| Liquidation Proceeds: | | | | | | |
| Current Assets | | | | | | |
|   Cash & Cash Equivalents | (a) | 174,570 | 174,570 | 100% | 174,570 | 100% |
|   Intercompany Receivables | (b) | 3,725 | - | 0% | - | 0% |
|   Deferred Cost | (c) | 21,110 | - | 0% | - | 0% |
|   Prepaid Expenses & Other Current Assets | (d) | 79 | - | 0% | - | 0% |
|   Total Current Assets | | 199,484 | 174,570 | 88% | 174,570 | 88% |
| Other Assets | (e) | 423 | - | 0% | - | 0% |
| I/C Note Receivable | (f) | 12,898 | - | 0% | - | 0% |
| Investment in Subs | (g) | 13,386 | - | 0% | - | 0% |
| Total Assets | | 226,192 | 174,570 | 77% | 174,570 | 77% |
| Professional Fee Carve Out | (h) | | 9,905 | | 9,905 | |
| Indemnification Escrow Amount Return | (i) | | 8,750 | | 8,750 | |
| Less: Net Wind Down Costs (excl. Liquidating Trustee) | (j) | | (2,571) | | (3,471) | |
| Less: Liquidating Trustee / Chapter 7 Trustee Costs | (k) | | (800) | | (5,717) | |
| Less: Admin Expenses | (l) | | (6,150) | | (6,150) | |
| Less: Priority Tax Claims | (m) | | (498) | | (498) | |
| Net Proceeds Available for Distribution | | | 183,206 | | 177,389 | |

PRELIMINARY *

| | | Estimated Claim Amount | Chapter 11 Plan of Liquidation $ Net Distrib. Value | % Estimated % Recovery | Chapter 7 Conversion $ Net Distrib. Value | % Estimated % Recovery |
|---|---|---|---|---|---|---|
| **PRELIMINARY *** | | | | | | |
| Estimated Classified Claims: | | | | | | |
| Class 1: Remaining Secured Claims | (n) | [1,866] | [1,866] | [100%] | [1,866] | [100%] |
| Class 2: Priority Non-Tax Claims | (o) | [543] | [543] | [100%] | [543] | [100%] |
| Class 3: Convenience Claims | (p) | [1,319] | [1,319] | [100%] | [840] | |
| Class 4: General Unsecured Claims | (q) | [123,972] | [81,397] | [65.7%] | [78,976] | |
| Subtotal: Class 3 & Class 4 | | [125,291] | | | [79,816] | [63.7%] |
| Class 5: Senior Notes Claims | (r) | [2,939] | [2,939] | [100%] | [2,939] | [100%] |
| Class 6: Subordinated Notes Claims | (s) | [146,445] | [95,143] | [65.0%] | [92,225] | [63.0%] |
| | | | [183,206] | | [177,389] | |

Notes:
* Due to certain pending Bar Dates, the information in this table is preliminary and will be updated in advance of the Disclosure Statement Hearing

1) Classified Claims Classes 7 thru 10 are excluded from the analysis as they are not expected to receive any distributions under the Chapter 11 Plan of Liquidation or Chapter 7 Conversion

2) Pursuant to the indenture documents of the Subordinated Notes, the holders of the Subordinated Notes are not entitled to any recovery until the Senior Notes have been fully satisfied, including all owed interest

*See accompanying notes, which are an integral part of the Chapter 7 liquidation analysis*

## Notes to Liquidation Analysis

(a) Cash & cash equivalents represent preliminary estimated cash balances available to the estate on the Conversion Date.

(b) Amount represents the preliminary estimated intercompany receivables available to the estate on the Conversion Date. The book value on April 30, 2013 was estimated to be approximately $3.7

PRELIMINARY
Subject to Change Prior to
Disclosure Statement Hearing

million and represents the intercompany receivable with A123 Korea Systems Co. LTD. The chapter 7 liquidation analysis and Plan assume zero recovery of intercompany receivables.

(c) Amount represents the preliminary estimated deferred cost available to the estate on the Conversion Date. Deferred costs represent projects with milestone and/or long-term deliveries. The Debtors' generally capitalize both the revenue and costs on the balance sheet until the project has been completed. At such time the revenue and costs are removed and recognized as income and expense. The book value on April 30, 2013 was estimated to be approximately $21 million. The chapter 7 liquidation analysis and Plan assume zero recovery of deferred cost.

(d) Amount represents the preliminary estimated prepaid expenses and other current assets available to the estate on the Conversion Date. The amount includes deposits and general prepaid expenses. The book value on April 30, 2013 was estimated to be approximately $0.1 million. The chapter 7 liquidation analysis and Plan assume zero recovery of prepaid expenses and other current assets.

(e) Amount represents the preliminary estimated other assets available to the estate on the Conversion Date. The book value on April 30, 2013 was estimated to be approximately $0.4 million. The amount includes vendor deposit and other long-term assets. The chapter 7 liquidation analysis and Plan assume zero recovery of other assets.

(f) Amount represents the preliminary estimated intercompany note receivable available to the estate on the Conversion Date. The book value on April 30, 2013 was estimated to be approximately $12.9 million and represents the intercompany note receivable with A123 Korea Systems Co. LTD. The chapter 7 liquidation analysis and Plan assume zero recovery of the intercompany note receivable.

(g) Amount represents the Debtors' preliminary estimated investment in subsidiaries balance on the Conversion Date. The book value on April 30, 2013 was estimated to be approximately $13.4 million and represents the Debtors' investment in A123 Korea Systems Co. LTD. The chapter 7 liquidation analysis and Plan assume zero recovery of the Debtors' investment in subsidiaries.

(h) Professional Fee Carve Out represents the return to the estate of the "carveout" established by the Wanxiang Final DIP Order and the Wanxiang Sale Order for(i) unpaid fees required to be paid to the clerk of the Bankruptcy Court and the office of the U.S. Trustee and (ii) certain professional fees and expenses allowed by the Bankruptcy Court. The chapter 7 liquidation analysis and Plan assume 100% recovery since it is assumed that all payments for professional fees incurred prior to the Effective Date are included in administrative expenses (l) and all payments for professional fees incurred subsequent to the Effective Date are included in the net wind down costs (j).

(i) Amount represents the indemnification amount held in escrow per the Wanxiang Asset Purchase Agreement. The chapter 7 liquidation analysis and Plan assume 100% recovery.

(j) Amount represents the preliminary estimated net wind-down costs for the Wind-Down Period. The estimated net wind-down costs primarily include costs for activities necessary to administer

the estate, including costs incurred under that certain Transition Service Agreement between the Debtors and A123 Systems LLC and professional services requirements primarily related to claims reconciliation, financial reporting and filing of tax returns.  The estimated net wind-down costs also include the return to the estate of the cash collateral required at closing for prepetition letters of credit.  The net wind-down costs during the chapter 7 conversion are estimated to be higher than the Plan because, among other things, (a) the chapter 7 trustee will need to hire new professionals who will have less historic knowledge of the Debtors and (b) the wind down process, as a result of the foregoing, will likely be extended.

(k)     Amount represents the preliminary estimated Liquidation Trustee and chapter 7 trustee costs.  The chapter 7 trustee fees are calculated based upon the statutory scale set forth in section 326(a) of the Bankruptcy Code, which provides for fees equal to 25% of the first $5,000 of distributions; 10% of the next $45,000 of distributions; 5% of the next $950,000 of distributions; and 3% of distributions in excess of $1,000,000.  The fees for the chapter 7 trustee are higher than those of the Liquidation Trustee because the chapter 7 trustee likely will have no historic knowledge of the Debtors and will need time to familiarize him or herself with the books and records, filed claims, and other matters.

(l)     Administrative expenses primarily include preliminary estimates for allowed 503(b)(9) claims and unpaid professional fees as of the Conversion Date.  The administrative claim estimates are based on the remaining potential administrative claims after elimination of any claims that were either (a) potential duplicates, (b) amended and superseded, (c) satisfied via payments approved pursuant to First Day Motions, or (d) satisfied via payments made in connection with the 363 Sales.  The chapter 7 liquidation analysis and Plan assume administrative expenses of $6.2 million.  Such amount is an estimate and the actual administrative expenses could be either higher or lower than this estimate.  The Administrative Bar Date has not run as of the date hereof and postpetition tax Claims are not subject to any Bar Date.

(m)    Primarily reflects preliminary estimated unpaid tax claims as of the Conversion Date. The Governmental Unit Bar Date applicable to prepetition tax Claims has not run as of the date hereof.

(n)     Represents the preliminary estimated creditor claims, distributable value and recoveries for Class 1 Remaining Secured Claims pursuant to the Plan.  The secured claim estimates are based on the remaining potential secured claims after elimination of any claims that were either (a) potential duplicates, (b) amended and superseded, (c) satisfied via payments approved pursuant to First Day Motions, or (d) satisfied via payments made in connection with the 363 Sales.  The amount of such secured claims is an estimate and the actual secured claims could be either higher or lower than this estimate.  Allowed claims for this class are expected to be 100% satisfied in the Plan and chapter 7 liquidation analysis.

(o)     Represents the preliminary estimated creditor claims, distributable value and recoveries for Class 2 Priority Non-Tax Claims pursuant to the Plan.  The priority non-tax claim estimates are based on the remaining potential priority non-tax claims after elimination of any claims that were either (a) potential duplicates, (b) amended and superseded, (c) satisfied via payments approved pursuant to First Day Motions, or (d) satisfied via payments made in connection with the 363 Sales.  The amount of such Priority Non-Tax Claims is an estimate and the actual amount of the Priority Non-

Tax Claims could be either higher or lower than this estimate. Allowed claims for this class are expected to be 100% satisfied in the Plan and chapter 7 liquidation analysis.

(p)  Represents the preliminary estimated creditor claims equal to or less than $10,000, distributable value and recoveries for Class 3 Convenience Claims pursuant to the Plan. The convenience class claim estimates are based on the remaining potential convenience class claims after elimination of any claims that were either (a) potential duplicates, (b) amended and superseded, (c) satisfied via payments approved pursuant to First Day Motions, or (d) satisfied via payments made in connection with the 363 Sales. The amount of such Convenience Claims is an estimate and the actual amount of Convenience Claims could be either higher or lower than this estimate. Allowed claims for this class are expected to be 100% satisfied in the Plan. In chapter 7, however, Convenience Claims would be treated in the same manner as General Unsecured Claims and would receive a pro rata distribution of the Net Distributable Value available in chapter 7 along with General Unsecured Claims, leaving them with a recovery of 72%.

(q)  Represents the preliminary estimated creditor claims, distributable value and recoveries for Class 4 General Unsecured Claims pursuant to the Plan. The general unsecured claim estimates are based on the remaining potential general unsecured claims after elimination of any claims that were either (a) potential duplicates, (b) amended and superseded, (c) satisfied via payments approved pursuant to First Day Motions, or (d) satisfied via payments made in connection with the 363 Sales. The amount of such General Unsecured Claims is an estimate based on the current face amount of filed claims, and could be materially higher or lower depending on the review of such General Unsecured Claims, additional rejection damages claims and the liquidation of unliquidated General Unsecured Claims.

(r)  Represents the preliminary estimated creditor claims, distributable value and recoveries for Class 5 Senior Notes Claims pursuant to the Plan. The Senior Notes claim estimates are based on the potential Senior Notes claims as asserted in filed Proofs of Claim. Allowed claims for this class are expected to be 100% satisfied in the Plan and chapter 7 liquidation analysis based upon their rights vis a vis the Subordinated Notes. Pursuant to the indenture documents of the Subordinated Notes, the holders of the Subordinated Notes are not entitled to any recovery until the Senior Notes have been fully satisfied, including all owed interest. Consequently, distributable amounts allocated to the Subordinated Notes will be paid to the Senior Notes until satisfied in full, with all owed interest.

(s)  Represents the preliminary estimated creditor claims, distributable value and recoveries for Class 6 Subordinated Notes Claims pursuant to the Plan. The Subordinated Notes Claims estimates are based on the amount of the Proof of Claim filed by the Subordinated Notes Indenture Trustee. The estimated recoveries reflect the enforcement of subordination vis a vis the Senior Notes. . Pursuant to the indenture documents of the Subordinated Notes, the holders of the Subordinated Notes are not entitled to any recovery until the Senior Notes have been fully satisfied, including all owed interest.

Note:

PRELIMINARY
Subject to Change Prior to
Disclosure Statement Hearing

The Net Distributable Value shown for Classified Claims may be less than estimated as a result of additional amounts for higher priority claims, including Priority Tax Claims subject to the later Governmental Unit Bar Date, Administrative Claims subject to the Administrative Claims Bar Date, and postpetition Claims for taxes that are not subject to any Bar Date.

Estimated Classified Claims do not include unliquidated claims or rejection damage claims yet to be filed. Therefore, the total Estimated Classified Claims could increase if, among other things, unliquidated claims are liquidated or additional rejection damage claims are filed.

Except as otherwise provided in the Plan, the Debtors reserve the right to object to the amount and classification, and to amend or modify the treatment, of any Claim or Interest.