IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| B456 Systems, Inc., *et al.*,[1] | Case No. 12-12859 (KJC) |
| Debtors. | Jointly Administered<br>Hearing Date: May 20, 2013 at 10:00 a.m. (ET) (requested)<br>Response Deadline: At the hearing (requested) |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, APPROVING SETTLEMENT BETWEEN THE DEBTOR, THE COMMITTEE, AND JOHNSON CONTROLS, INC.

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors (the "Debtors"), by and through its undersigned counsel, hereby submits this motion (the "Motion") for entry of an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the settlement as set forth in the settlement agreement (the "Settlement Agreement") attached hereto as **Exhibit "A"** between and among (i) B456 Systems, Inc. (f/k/a A123 Systems, Inc.) ("B456") for itself and on behalf of its affiliated debtors, including B456 Securities Corporation (f/k/a A123 Securities Corporation) and Grid Storage Holdings LLC; (ii) the Committee; and (iii) Johnson Controls, Inc. ("JCI"). In support of this Motion, the Committee respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: B456 Systems, Inc. (f/k/a A123 Systems, Inc.) (3876); B456 Securities Corporation (f/k/a/ A123 Securities Corporation) (5388); and Grid Storage Holdings LLC (N/A). The above-captioned Debtors' mailing address is c/o A123 Systems, Inc., 200 West Street, Waltham, Massachusetts 02451.

623289.3 05/13/2013

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this judicial district under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Rule 9019 and section 105(a) of title 11 of the United States Code (the "Bankruptcy Code").

## BACKGROUND

3. On October 16, 2012 (the "Petition Date"), each of the Debtors filed a petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). On November 2, 2012, the United States Trustee appointed the Committee.

4. On November 8, 2012, the Court entered the *Order (I) Approving Bid Procedures in Connection with Sale of Certain Assets of the Debtors; (II) Scheduling Hearing to Consider Sale of Assets; (III) Approving Form and Manner of Notice Thereof; (IV) Approving Break-Up Fee and Expense Reimbursement; and (V) Granting Related Relief* [Docket No. 314] (the "Bidding Procedures Order"), which order approved the stalking-horse asset purchase agreement between the Debtors and JCI (the "Stalking Horse APA").

5. The Stalking Horse APA provided for, among other things, payment to JCI of a break-up fee and expense reimbursement in the amount of approximately $5.5 million (the "Breakup Fee") upon the occurrence of certain "triggering events," including approval of a transaction with a bidder other than JCI.

6. An auction of the Debtors' assets was held from December 6, 2012, through December 8, 2012, which culminated in Wanxiang America Corporation ("Wanxiang") and Navitas Systems LLC ("Navitas") being selected as the Successful Bidders (as that term is

defined in the Bidding Procedures Order) for substantially all of the Debtors' assets and the Debtors' government business, respectively.

7. On December 11, 2012, a hearing was held before the Court at which it considered the Debtors' motion to approve the sale of certain of the Debtors' assets to Wanxiang and Navitas (the "Sale Hearing").

8. At the Sale Hearing, the Committee objected to JCI receiving the Breakup Fee for reasons stated on the record of that hearing (the "Sale Dispute"), and the Bankruptcy Court directed that the Breakup Fee be placed in escrow.

9. At the conclusion of the Sale Hearing, the Bankruptcy Court entered orders approving (a) the sale of substantially all of the Debtors' assets to Wanxiang as set forth in that certain Asset Purchase Agreement by and among the Debtors and Wanxiang dated December 11, 2012 (the "Wanxiang APA") and (b) the sale of the Debtors' government business to Navitas as set forth in that certain Asset Purchase Agreement by and among the Debtors and Navitas dated December 11, 2012 (the "Navitas APA") [Docket Nos. 640 and 642, respectively] (together, the "Sale Orders").

10. The transactions authorized by the Sale Orders closed on January 29, 2013, see *Notice of Closing of Sales of Substantially All of the Debtors' Assets to Wanxiang Clean Energy USA Acquisition LLC and Navitas Systems LLC* [Docket No. 923], and funds in the amount of the Breakup Fee were then released from escrow to JCI.

11. On February 13, 2013, the Court entered the Order Approving Agreed Confidentiality Stipulation and Protective Order [Docket No. 1031] (the "Confidentiality Stipulation and Protective Order"), which order approved the Agreed Confidentiality Stipulation and Protective Order among the Debtors, the Committee, and JCI dated February 13, 2013.

3

12. On March 4, 2013, JCI filed the *Protective Request of Johnson Controls, Inc. for Payment of Administrative Expenses Relating to Estate Litigation and Discovery* [Docket No. 1119] (the "Protective Request").

13. On March 14, 2013, this Court entered the *Order (i) Approving Disclosure Statement, (ii) Determining Dates, Procedures and Forms Applicable to Solicitation Process, (iii) Establishing Vote Tabulation Procedures, and (iv) Establishing Objection Deadline and Scheduling Hearing to Consider Confirmation of Plan* [Docket No. 1239] relating to the *First Amended Plan of Liquidation of A123 Systems, Inc., et al. dated as of March 14, 2013* [Docket No. 1239-2] (as may be amended, the "Plan"). A hearing on confirmation of the Plan is scheduled for May 20, 2013 at 10:00 a.m. (the "Confirmation Hearing").

14. On April 19, 2013, JCI filed the *Limited Objection and Reservation of Rights of Johnson Controls, Inc. with respect to Debtors First Amended Joint Plan of Liquidation of A123 Systems, Inc., et al.* [Docket No. 1496] (the "Plan Objection").

15. After production of certain documents by JCI and arm's-length negotiations between the Committee and JCI, the B456, the Committee, and JCI have determined it is in their best interests to resolve all issues in connection with the Sale Dispute upon the terms set forth below.

### RELIEF REQUESTED

16. By this Motion, the Committee seeks entry of an order approving the settlement set forth in the Settlement Agreement pursuant to Bankruptcy Rule 9019(a) and section 105(a) of the Bankruptcy Code.

623289.3 05/13/2013

17.   The material terms of the settlement embodied in the Settlement Agreement are set forth as follows:[2]

    a.    In full resolution of the Sale Dispute, the Protective Request, and the Plan Objection, within three days following the Effective Date (as defined in the Settlement Agreement), JCI shall pay to the Debtors' estates the sum of $200,000 in cash (as defined in the Settlement Agreement, the "Settlement Payment") in accordance with the instructions to be provided to it by the Debtors or the Committee (or, if the Plan has become effective at such time, by the Liquidation Trustee (as defined in the Plan) of the Liquidation Trust (as defined in the Plan), who will succeed to the rights and obligations of both the Debtors and the Committee under this Agreement without further order of the Bankruptcy Court).

    b.    Through the order approving this Motion, JCI's Protective Request and Plan Objection will be deemed withdrawn with prejudice.

    c.    Within thirty days of the Effective Date, the Committee shall use commercially reasonable efforts to return, destroy or delete all documents and data produced by JCI following entry into the Confidentiality Stipulation and Protective Order [JCI00000001 through JCI00016062], and shall provide written notice to JCI when all such documents and data, and any copies thereof, have been returned, destroyed or deleted.

    d.    On the later of the Effective Date and the date upon which the Settlement Payment has been received by the Debtors' estates, JCI and each of its current and future officers, directors, agents, principals, servants, representatives, employees, predecessors and successors in interest, parent, subsidiaries, affiliates, and assigns:

        i.    conclusively, absolutely, unconditionally, irrevocably and forever remises, acquits, waives, releases and discharges the Committee, each of the Debtors and each of their respective current, former and future estates, officers, directors, stockholders, agents, advisors, principals, servants, representatives, employees, predecessors and successors in interest, parent, subsidiaries, affiliates, assigns, insurers and subsidiaries (including, for the avoidance of doubt, any representative appointed pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code or otherwise), from any and all Released Causes of Action (as defined in the

---

[2] For a complete description of the terms of settlement, please see the Settlement Agreement. To the extent any summaries or descriptions of the terms of the Settlement Agreement contained in the Motion differ in any way from those contained in the Settlement Agreement, the Settlement Agreement shall govern. All capitalized terms that are used but not defined herein shall have the meanings ascribed to such terms in the Settlement Agreement.

5

Settlement Agreement, and summarized below), and covenants and agrees never to institute or cause to be instituted any suit, investigation or other form of action or proceeding of any kind or nature whatsoever against any of the Committee, the Debtors, their subsidiaries or successors in interest, based upon the Released Causes of Action; and

ii. conclusively, absolutely, unconditionally, irrevocably and forever remises, acquits, waives, releases and discharges Wanxiang and A123 Systems, LLC from any and all Released Causes of Action, and covenants and agrees never to institute or cause to be instituted any suit, investigation or other form of action or proceeding of any kind or nature whatsoever against Wanxiang or A123 Systems, LLC based upon the Released Causes of Action. The Committee and its attorneys, members, agents, representatives, successors-in-interest and assigns (including, for the avoidance of doubt, any representative appointed pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code or otherwise) (i) conclusively, absolutely, unconditionally, irrevocably and forever remises, acquits, waives, releases and discharges JCI and each of its officers, directors, stockholders, agents, principals, servants, representatives, employees, predecessors and successors in interest, parent, subsidiaries, affiliates, assigns, and insurers from any and all Released Causes of Action and (ii) covenants and agrees never to institute or cause to be instituted any suit, investigation or other form of action or proceeding of any kind or nature whatsoever against JCI based upon the Released Causes of Action.

e. On the later of the Effective Date and the date upon which the Settlement Payment has been received by the Debtors' estates, the Committee and its attorneys, members, agents, representatives, successors-in-interest and assigns (including, for the avoidance of doubt, the Liquidation Trustee (as defined in the Plan) of the Liquidation Trust (as defined in the Plan) and any representative appointed pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code or otherwise) (i) conclusively, absolutely, unconditionally, irrevocably and forever remises, acquits, waives, releases and discharges JCI and each of its officers, directors, stockholders, agents, advisors, principals, servants, representatives, employees, predecessors and successors in interest, parent, subsidiaries, affiliates, assigns, and insurers from any and all Released Causes of Action and (ii) covenants and agrees never to institute or cause to be instituted any suit, investigation or other form of action or proceeding of any kind or nature whatsoever against JCI based upon the Released Causes of Action.

f. On the later of the Effective Date and the date upon which the Settlement Payment has been received by the Debtors' estates, each of the Debtors and each of their respective current and future estates, officers, directors,

        members, managers, agents, principals, servants, representatives, employees, predecessors and successors in interest, parent, subsidiaries, affiliates, assigns and insurers (including, for the avoidance of doubt, the Liquidation Trustee (as defined in the Plan) of the Liquidation Trust (as defined in the Plan) and any representative appointed pursuant to Section 1123(b)(3)(B) of the Bankruptcy Code or otherwise) (i) conclusively, absolutely, unconditionally, irrevocably and forever remises, acquits, waives, releases and discharges JCI and each of its officers, directors, stockholders, agents, principals, servants, representatives, employees, predecessors and successors in interest, parent, subsidiaries, affiliates, assigns, and insurers from any and all Released Causes of Action (as defined below) and (ii) covenants and agrees never to institute or cause to be instituted any suit, investigation or other form of action or proceeding of any kind or nature whatsoever against JCI based upon the Released Causes of Action.

    g.    As used in the Settlement Agreement, the term "<u>Released Causes of Action</u>" means any and all claims (including, but not limited to any "claim" as defined in Section 101(5) of the Bankruptcy Code), demands, rights, suits, remedies, indebtedness, agreements, promises, causes of action, obligations, damages or liabilities of any nature whatsoever, in law, in equity or otherwise, whether or not known, foreseen or unforeseen, existing or hereafter arising, suspected or claimed, that such Party ever had, claimed to have, now have, may have, claim to have or may claim to have in the future against the other Party or Parties, relating to or arising in connection with the Chapter 11 Cases, the Stalking Horse APA, or the Sale Dispute, the Sale, the Protective Request, the Plan or the Plan Objection; provided, however, that the foregoing shall not include the release of any claims or rights to enforce obligations under this Agreement, the Approval Order and all contracts, instruments, releases and other agreements delivered in connection therewith.

## BASIS FOR RELIEF

18.    Bankruptcy Rule 9019 is committed to the discretion of this Court. <u>Key3Media Group, Inc. v. Pulver.com, Inc. (In re Key3Media Group, Inc.)</u>, 336 B.R. 87, 92 (Bankr. D. Del. 2005). Indeed, this Court must decide whether "the compromise is fair, reasonable, and in the best interest of the estate." <u>In re TSIC, Inc.</u>, 393 B.R. 71, 78 (Bankr. D. Del. 2008). In analyzing whether a compromise is fair and equitable, the Court looks to the fairness of the settlement to all parties in interest. <u>Will v. Northwestern Univ. (In re Nutraquest, Inc.)</u>, 434 F.3d 639, 645 (3d

Cir. 2006). Moreover, when considering the best interest of the estate, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996) (citing Protective Comm. Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424-25 (1968)). In striking this balance, the Court should consider: (1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of creditors. Martin, 91 F.3d at 393. The Court does not have to be convinced that the settlement is the best possible compromise; rather, the Court must conclude that the settlement is within the reasonable range of litigation possibilities. In re World Health Alternatives, Inc., 344 B.R. 291, 296 (Bankr. D. Del. 2006).

19. Without question, the interests of creditors will be served by approval of the settlement. The compromise embodied in the Settlement Agreement is fair and equitable. The Committee and its professionals have fully analyzed the Sale Dispute and have reviewed the documents and information provided by JCI pursuant to the Confidentiality Stipulation and Protective Order. Based on this analysis, the Committee believes that the settlement embodied in the Settlement Agreement represents a compromise that is the best possible outcome for the Debtors' estates.

20. The settlement permits resolution of issues with respect to the Sale Dispute, and JCI's Protective Request and Plan Objection, without the expenses, risk, and delay attendant with full-blown litigation. In addition, because the settlement provides that JCI withdraws its Plan Objection, this settlement moves these cases closer toward the ultimate goal of confirmation. Finally, the Settlement Agreement was negotiated in good faith by the Committee and JCI, in

close consultation with the Debtors, and such support for is clear evidence that the settlement serves the interests of the Debtors' estates and creditors as a whole. Accordingly, the Committee submits that the settlement embodied in the Settlement Agreement meets the factors of the Martin test.

21. For the foregoing reasons, the Committee respectfully submits that the Motion should be granted.

## NOTICE

22. Notice of this Motion will be given to (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtors; (c) counsel for JCI; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Committee respectfully submits that no further notice is necessary.

## NO PRIOR REQUEST

23. No prior application for the relief sought herein has been made by the Committee to this or any other Court.

623289.3 05/13/2013

WHEREFORE, the Committee respectfully requests that this Court (a) enter an order approving the settlement set forth in the Settlement Agreement and (b) grant such other and further relief as is just and proper.

Dated: May 13, 2013

**SAUL EWING LLP**

By: _____
Mark Minuti (No. 2659)
Lucian B. Murley (No. 4892)
222 Delaware Avenue, Suite 1200
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6840 (telephone)
(302) 421-5873 (fax)

-and-

**BROWN RUDNICK LLP**
William R. Baldiga
John Storz
Seven Times Square
New York, NY 10036
(212) 209-4800 (telephone)
(212) 209-4801 (fax)

-and-

Sunni P. Beville
R. Benjamin Chapman
One Financial Center
Boston, MA 02111
(617) 856-8200 (telephone)
(617) 856-8201 (fax)

*Counsel to the Official
Committee of Unsecured Creditors*